United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-50002
Summary Calendar

ALAN E. DOOP, Individually, and as Next Friend of Marissa
R. Doop, Justin Doop, and Wyatt A. Doop;
CINDY LOU DOOP, Individually,
and as Next Friend of Marissa R. Doop,
Justin Doop, and Wyatt A. Doop,

                                                          Plaintiffs-Appellants,

versus

THOMAS CHAPMAN, Etc.; ET AL.,

Defendants,

THOMAS CHAPMAN,
Executive Director of the Texas Department of Protective and Regulatory Services;
ELLEN DECKINGA, Individually, and in her Official Capacity;
KIM GIBBONS, Individually, and in her Official Capacity;
GAIL BLACKWELL, Individually, and in her Official Capacity,

                                                          Defendants-Appellees.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-802
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

Alan and Cindy Lou Doop, individually and as next friends of their minor children, Wyatt, Justin, and Marissa, appeal the district court's summary judgment dismissal of their claims against Thomas Chapman, the director of the Texas Department of Protective and Regulatory Services (TDPRS), and TDPRS employees Ellen Deckinga, Kim Gibbons, and Gail Blackwell, individually and in their official capacities. The district court concluded that the defendants were entitled to qualified immunity as to the Doops's federal constitutional claims and to state statutory and common-law official immunity with respect to their claims based on state tort law. The district court also concluded that the claims based on the Texas Constitution were not cognizable claims under Texas law.

On appeal, the Doops argue only that the defendants' actions (1) violated the children's Fourth Amendment rights, (2) violated Mr. and Mrs. Doops's Fourteenth Amendment substantive due process right of family integrity, (3) violated the Fourteenth Amendment right to procedural due process; (4) and constituted various state torts. Although the Doops also alleged violations of the Texas Constitution and the Texas Family Code in the district court, they do not brief the district court's conclusion that Texas law provides no right of action for such violations. Thus, these claims are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In examining claims of qualified immunity, we look to (1) whether the facts, taken in the light most favorable to the plaintiff, show that the state actors violated a constitutional right, and (2) whether, if a constitutional violation is made out on the facts alleged, the constitutional right was clearly established at the time of the violation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Keenan v. Tejeda*, 290 F.3d 252, 261 (5th Cir. 2002).

---

R. 47.5.4.

With respect to the Fourth Amendment claims, we conclude that the Doops fail to satisfy either prong. Viewing the facts in the light most favorable to the Doops, we cannot say that the officials violated the children's Fourth Amendment right to be free of seizure. There was evidence regarding whether Marissa had been abused. Although the investigation may have been flawed, at the time, there was sufficient evidence to justify removing the children pending an investigation of the abuse allegations. Further, given the state of the law in 2001, the application of the Fourth Amendment to child welfare officials in this context had not been clearly established. *See Roe v. Tex. Dep't of Protective & Reg. Servs.*, 299 F.3d 395, 411 (5th Cir. 2002).

Turning to the Fourteenth Amendment substantive due process claims, we conclude that there was no violation. The summary judgment evidence does not establish that the state actors engaged in the type of egregious, conscience-shocking conduct necessary to establish a substantive due process violation. *See McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002) (en banc). In addition, we have not clearly defined the nebulous right to family integrity in this particular context. *See Kiser v. Garrett*, 67 F.3d 1166, 1173 (5th Cir. 1995).

The Fourteenth Amendment procedural due process claims fail. The Doops fail to demonstrate how the post-seizure court proceedings were constitutionally inadequate.

Given our conclusion that the officials' actions were reasonable, the district court correctly concluded that the defendants were immune from liability for the state law claims under both the statutory immunity conferred by the Texas Family Code and the Texas common-law doctrine of official immunity.

For the foregoing reasons, the judgment of the district court is AFFIRMED.